IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH STOLTIE, | 2:08-CV-01885-RRC |
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND** |
| J. PAULSEN, et al., | |
| Defendants. | **(2) DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |

Plaintiff, a prisoner proceeding pro se, has filed a request for leave to proceed in forma pauperis and a civil rights action pursuant to 42 U.S.C. § 1983.

I.  Application to Proceed In Forma Pauperis and Filing Fee

Plaintiff's Application to Proceed In Forma Pauperis is granted. 28 U.S.C. § 1915(a). Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to his trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in

1  full. 28 U.S.C. § 1915(b)(2).

2  II.    Statutory Screening of Prisoner Complaints

3         The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

         To maintain a § 1983 action based on deficient prison medical treatment in violation of the Eighth Amendment, a prisoner must allege that defendants acting under color of state law committed "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). This standard is met if a prisoner establishes "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence or medical malpractice, however, does not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to an inmate's health and safety. Id. at 1057.

         In this case, Plaintiff's First Amended Complaint alleges that defendants have been deliberately indifferent to his dental needs. The core of his complaint appears to be that he has not been given adequate dental treatment for tooth pain. It is not clear from the First Amended Complaint, however, that any of the named defendants knew of and consciously disregarded an excessive risk to Plaintiff's health. For example, while Plaintiff alleges that Dr. Gammi ordered

Plaintiff to rinse with salt water and floss daily, and that the prison staff refused to equip his cell with hot water and dental hygiene products, he has not alleged that the staff knew of Dr. Gammi's orders, that Dr. Gammi knew of his cell's limitations, or that his inability to rinse and floss caused him any harm. Plaintiff has suffered, but he has also fairly consistently been given treatment and medication for his pain, just not in the manner and amount he believes he needs. Without more, this is insufficient to establish an Eighth Amendment violation.

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a Second Amended Complaint to cure the deficiencies noted above. The Clerk will mail Plaintiff a court-approved form to use for filing the Second Amended Complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right, as further explained above; and (5) what specific injury Plaintiff suffered because of the defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes any other complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).

After amendment, the Court will treat the original Complaint and the First Amended Complaint as nonexistent. Ferdik, 963, F.2d at 1262.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed in Forma Pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The Director of the California Department of Corrections or his designee shall collect monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the account. Payments shall be forwarded to the Clerk of the Court each time the amount in the account exceeds $10.00, until a total of $350.00, including the initial partial filing fee, has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's Application to Proceed in Forma Pauperis on the Director of the California Department of Corrections, via the court's electronic case filing system (CM/ECF).

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, United States District Court for the Eastern District of California, Sacramento Division.

5. The First Amended Complaint is dismissed for failure to state a claim. Plaintiff has 30 days from the date this Order is signed to file a Second Amended Complaint in compliance with this Order.

6. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

7. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED: September 10, 2009.

/ s / Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE