IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN JOSEPH STOLTIE, | 2:08-CV-01885-RRC |
| Plaintiff, | **ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| vs. | |
| J. PAULSEN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

As the court informed Plaintiff in its order dismissing the first amended complaint, to maintain a § 1983 action based on deficient prison medical treatment in violation of the Eighth

Amendment, a prisoner must allege that defendants acting under color of state law committed "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). This standard is met if a prisoner establishes "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence or medical malpractice, however, does not violate a prisoner's Eighth Amendment rights. *Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to an inmate's health and safety. *Id.* at 1057.

In this case, Plaintiff's Second Amended Complaint alleges that defendants have been deliberately indifferent to his dental needs. But nothing in the Second Amended Complaint alleges that any of the named defendants knew of and consciously disregarded an excessive risk to Plaintiff's health or by so doing caused him any harm. For example, as the court stated in its order dismissing Plaintiff's first amended complaint, while Plaintiff alleges that Dr. Gammi ordered Plaintiff to rinse with salt water and floss daily, and that the prison staff refused to equip his cell with hot water and dental hygiene products, he still has not alleged that the staff knew of Dr. Gammi's orders, that Dr. Gammi knew of his cell's limitations, or that his inability to rinse and floss caused him any harm. Additional examples of deficiencies in the Second Amended Complaint include, but are not limited to, the following:

(1) Plaintiff alleges that Defendant Dr. Janetta Geringson referred Plaintiff to the dentist, but that no records indicate that such a referral was made. But there are no allegations, for example, that Dr. Geringson did not in fact refer Plaintiff to the dentist, or that if she did fail to do so, she "consciously disregard[ed] an excessive risk" to Plaintiff's safety.

(2) Plaintiff alleges that Defendant Dr. Kapoor, a dentist, started Plaintiff on a course of antibiotics, but makes no allegations that prescribing antibiotics constituted deliberate indifference

or caused him any harm.

(3) Plaintiff alleges that Defendant Dr. Jennings, an oral surgeon, told Plaintiff that the root of Plaintiff's tooth that had grown into the sinus cavity was "not a big deal," and "wouldn't cause any harm," but makes no allegations that Dr. Jennings's statement constituted deliberate indifference or caused him any harm.

Similar descriptions apply to each of the allegations in Plaintiff's Second Amended Complaint. Plaintiff has not alleged that any defendant acted with deliberate indifference that caused him harm. Plaintiff has suffered, but he has also fairly consistently been given treatment and medication for his pain, just not in the manner and amount he believes he needs. Without more, this is insufficient to establish an Eighth Amendment violation.

For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a Third Amended Complaint to cure the deficiencies noted above. The Clerk will mail Plaintiff a court-approved form to use for filing the Third Amended Complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right, as further explained above; and (5) what specific injury Plaintiff suffered because of the defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed. Defendants who Plaintiff cannot claim acted with deliberate indifference caused him harm should not be named as defendants in any amended complaint.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint, the First Amended Complaint, or the Second Amended Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes any other complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint, the First Amended Complaint, and the Second Amended Complaint as nonexistent. *Ferdik*, 963, F.2d at 1262.

Accordingly, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint is **DISMISSED** for failure to state a claim. Plaintiff has **30 days** from the date this Order is signed to file a Third Amended Complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED: September 8, 2010.

/ s / Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE

-4-